# Weekly Abstract Of Pending Cases

### No. 332

SAMUEL B. McGUIRE v. DELPHIA MANLEY and HARRISON A. COLEMAN

No. 18467.    Supreme Court of Ohio

On Motion to Require Tuscarawas Appeals to Certify

Docketed April 2, 1924.   2 Abs. 226

921. PHYSICIAN AND SURGEON—Negligence in Surgical Operation.

This action was commenced in the Tuscarawas Common Pleas, by Delphia Manley, against Harrison A. Coleman and Samuel B. McGuire, for damages claimed to have been sustained by her through an operation for ectopic pregnancy in which it was claimed that Coleman and McGuire negligently sewed up and left a gauge string or sponge in her abdomen.

Coleman had performed the operation and McGuire had been his assistant. The case was tried in the Common Pleas and submitted to the jury, and a verdict rendered in favor of the doctors. Manley carried the case to the Court of Appeals, which held that there was error in the charge of the Common Pleas Judge to the jury, and ordered a new trial. McGuire now asks the Supreme Court to reverse the Court of Appeals.

These errors present the questions: Whether the trial court erred in charging the jury as to the liability of Dr. McGuire, as the assistant of Dr. Coleman, as to the degree of care and skill that Dr. Coleman was required to exercise in the operation, as to his duty to search for and remove the sponge from the abdomen, and as to his being prevented or excused from making a thorough search for the sponge on account of the serious condition of the patient after the operation.

They also present the question whether the court erred in refusing to charge that a failure to remove the gauze, if the jury found there was such a failure, would be negligence, and if the plaintiff suffered any damage as the proximate result of the negliegence, the verdict should be for the plaintiff. The question is also raised as to whether the record shows that any sponge was left in the abdomen.

Plaintiffs in error claim that the Court of Appeals erred in reversing the judgment of the Common Pleas, and remanding the cause for a new trial.

It is claimed by them that the Supreme Court has jurisdiction to review the case on account of the questions presented, as follows:

1. The doctrine of respondeat superior as defined by this court and the Supreme Court of Michigan has been challenged by the Court of Appeals.

2. The rule of negligence as defined by this court, 67 OS. 106-8, has not been adhered to and followed by the Court of Appeals.

3. The legal relation between a surgeon and his assistant to the patient during an operation is involved.

4. The legal relationship between a surgeon and his assistant during the operation is involved.

Attorneys—Wilkins, Fernsell & Fisher, New Philadelphia, for McGuire and Coleman; Lee J. Myers, Akron, and Bowers and Bowers, New Philadelphia, for Manley.

### No. 333

STATE OF OHIO v. J. R. SPRINGER et al

No. 18492.   Ohio Supreme Court

On Motion to Require Franklin Court of Appeals to Certfy

Docketed March 21, 1924.   2 Abs. 244

ROADS — Certificate that money is in treasury.

In the Common Pleas, a demurrer was filed to the amended petition of the plaintiff. It was sustained and error was prosecuted to the Court of Appeals, and it sustained the Common Pleas.

The question involved in the case is shown in the Court of Appeals opinion, page 363 of this issue of the Abstract.

Attorneys—C. C. Crabbe, Atty. Gen., and J. C. Williams, for the State, and C. S. Druggan, for Springer; all of Columbus.